UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:15CV-P8-GNS

SHANAE HARVEY                                                                PLAINTIFF

v.

FRANCES SKAGGS *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Shanae Harvey filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A.  Upon initial review, for the reasons set forth herein, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate currently incarcerated at the Henderson County Detention Center.  Her complaint arises out of her previous incarceration at the Hart County Jail.  She sues the following personnel of the Hart County Jail:  Deputy Frances Skaggs; Correctional Officer Monica Arnett; Jailer Georgia Gardenia; and Correctional Officer Gertrude Rowlett.  She sues each Defendant in her individual and official capacity.

Plaintiff states that she was "treated unfairly, with inhumane, cruel & unusual punishment" concerning an incident on February 10, 2014.  She maintains that Defendants Skaggs and Rowlett "failed to serve me with disciplinary action."  Plaintiff cites Ky. Rev. Stat. § 344.450.  She states that she filed a grievance with Jailer Gardenia and never got a response. She also reports that she asked Defendant Arnett and a non-Defendant and "was told that I was on disciplinary, and that some one will get with me."  She states that she "never got a response." Plaintiff states that "per rules and regs of jail when two inmates get into confrontation both

inmates are to be put in holding cell." She states, "Discrimination had been broken at this time because of the color of my skin or that I was black. I was tortured by staff, while the other inmate was left in general population."

Plaintiff further represents that while she was at Hart County Jail she "was afraid to speak, because I witnessed so much bad and awful things happening to other inmates as well. I hear beatings all the time, and I also witnessed beating, and cruel punishment towards other inmates."

As to the specifics of the February 10, 2014, incident, Plaintiff reports that she was getting out of the shower when she got into an argument with two other inmates, one of whom was a pod worker. She states that Defendants Skaggs and Rowlett came into the room with three male officers. Plaintiff maintains that Defendant Skaggs asked the inmates what happened and the other two inmates told their side of the story but Plaintiff was not given an opportunity to tell hers. She was walked by the officers to a holding cell. She states, "I kept saying 'that's not fair you didn't hear what I had to say your just listing to pod worker. I didn't do nothing wrong to be in here.'" Plaintiff again maintains that the Hart County Jail's rules and regulations state that, when two inmates have an argument, both are to be locked up, but she was the only inmate sent to a holding cell. When she was put in the holding cell, Defendant Skaggs told her to shut up. Plaintiff states that she was angry so she yelled at the pod worker, "'I'm in here because of you, you fat bi***.'" Then Plaintiff states as follows:

> Immediately after I said this Mrs. Skaggs came back a peppered sprayed me, there was absolutely no reason for this. 1st of all I didn't do anything to deserve this and 2nd I never disrespected or threaten authority. My eyes and face started burning, I completely went into panic mode. I told the deputys why did she spray me it burned it burned they all started laughing saying "that's what its suppose to do." The water faucet wasn't working right, and the toilet was full of feces & urine. I tried to use water from faucet for my face and it would burn worse than before because it was hot water. I tried to flush toilet but it wouldn't flush. I tried to tell authority that I need clean water and that the toilet was full of feces and

bacteria.  I was forced to splash the toilet nasty infected water in my face and it still didn't help.  The officers laughed and made fun of me.  Ms. Rowlett told me "I've been through worst."  She did bring me a towel after a while and take me to shower room but water was hot fast there too so I suffered paniced, cried, choked, for no reason, because Mrs. Skaggs chose to spray me.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### *Placement in holding cell without disciplinary action*

Plaintiff states that she was put in a holding cell without receiving any disciplinary action.  The Court construes this as a claim alleging a violation of the Due Process Clause.  To state such a claim, the inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  The Supreme Court has held that for segregation of an inmate from the general prison population to give rise to a protected liberty interest, the segregation must impose an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).  The Sixth Circuit Court of Appeals has repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate. *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Mackey v.*

*Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction).  Plaintiff's allegation that she was placed in a holding cell does not give rise to a protected liberty interest and therefore fails to state a constitutional claim.

Moreover, while Plaintiff maintains that Defendants failed to follow Hart County Jail rules and regulations when they placed only her, and not the other inmate, in a holding cell, failure of prison officials to follow institutional procedures or policies does not give rise to a due process claim.  *Sandin v. Conner*, 515 U.S. at 481-82; *Rimmer-Bey v. Brown*, 62 F.3d at 791 (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).

Therefore, Plaintiff's claims against all Defendants in their individual and official capacities based on her allegations that she was placed in a holding cell without receiving disciplinary action will be dismissed for failure to state a claim.

### *Discrimination*

Plaintiff also states that she was discriminated against when Defendants Skaggs and Rowlett put her in a holding cell but did not put the other inmate with whom she was involved in the confrontation in a holding cell because of Plaintiff's race.  The Court construes the claim as alleging a violation of the Equal Protection Clause.  Plaintiff also cites Ky. Rev. Stat. § 344.450, a provision of the Kentucky Civil Rights Act.  Upon review, the Court will allow Plaintiff's individual-capacity discrimination claims against Skaggs and Rowlett under the Equal Protection Clause and Ky. Rev. Stat. § 344.450 to proceed for further development.

Plaintiff also sues Defendants Skaggs and Rowlett in their official capacities.  Plaintiff's official-capacity claims against Defendants are actually against their employer, Hart County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff has not alleged that Defendant Skaggs or Rowlett acted pursuant to a municipal policy or custom with respect to her discrimination claims.  In fact, Plaintiff alleges that these Defendants violated Hart County Jail policy with respect to these claims.  Plaintiff's complaint appears to allege an isolated occurrence affecting only her.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Accordingly, Plaintiff's official-capacity claims against Defendants Skaggs and Rowlett based on alleged discrimination will be dismissed for failure to state a claim upon which relief may be granted.

### *Grievance handling/Defendants Gardenia and Arnett*

Plaintiff states that she filed a grievance with Defendant Gardenia but never got a response. She alleges that after she submitted the grievance to Defendant Gardenia, she "asked Officer Monica Arnett . . . , and I was told that I was on disciplinary, and that some one will get with me." She maintains that she did not receive a response. The Court construes the allegations against Defendants Gardenia and Arnett as alleging that they failed to respond and/or act on Plaintiff's grievance. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Therefore, Plaintiff's

§ 1983 claims against Defendants Gardenia and Arnett concerning the handling of her grievance will be dismissed for failure to state a claim upon which relief may be granted.

The Court notes that, to the extent that Plaintiff may be seeking to bring a claim against either of these Defendants based on their supervisory roles, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendants Gardenia or Arnett directly participated in any unconstitutional conduct. Accordingly, the individual and official-capacity claims under § 1983 against Defendants Gardenia and Arnett must be dismissed for failure to state a claim upon which relief may be granted. As all claims against Defendants Gardenia and Arnett will be dismissed, these Defendants will be dismissed from this lawsuit.

### *Beatings of other inmates*

Plaintiff states that she heard and witnessed beatings and cruel and usual punishment of other inmates.  Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff does not allege that she herself was beaten or that she incurred a physical injury in connection with this claim.  Her only claim, therefore, could be for the emotional injury she allegedly incurred for witnessing these events.  Because § 1997e(e) bars such a claim, Plaintiff's claims against all Defendants in their individual and official capacities in connection with witnessing other inmates being beaten will be dismissed for failure to state a claim.

### *Pepper-spray incident*

Plaintiff alleges that she was pepper sprayed without cause by Defendant Skaggs and treated inhumanely by Defendants Skaggs and Rowlett after being pepper sprayed.  Upon review, the Court will allow her claims under the Eighth Amendment to proceed for further development against Defendants Skaggs and Rowlett in their individual capacities.

However, once again, while Plaintiff also sues these Defendants in their official capacities, to state an official-capacity claim, Plaintiff must identify a municipal policy, connect the policy to Hart County, and show that her injury was incurred because of the execution of that policy.  *See Garner v. Memphis Police Dep't*, 8 F.3d at 363-64.  Plaintiff alleges no policy on the part of Hart County that caused her injury in relation to this claim.  Therefore, Plaintiff's Eighth Amendment claims against Defendants Skaggs and Rowlett in their official capacities will be dismissed for failure to state a claim.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against all Defendants in their individual and official capacities based on Plaintiff's allegations that she was placed in a holding cell with no disciplinary action and that she witnessed beatings of other inmates are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendants Skaggs and Rowlett based on alleged discrimination and the pepper-spray incident are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against Defendants Gardenia and Arnett, the Clerk of Court is **DIRECTED to terminate Defendants Gardenia and Arnett as parties to this action.**

Upon screening, the Court has allowed Plaintiff's discrimination claims under the Equal Protection Clause and Ky. Rev. Stat. § 344.450 based on allegations that she was put in a holding cell because of her race and her Eighth Amendment claims arising out of being pepper sprayed and treated inhumanely after being pepper sprayed to proceed against Defendants Skaggs and Rowlett in their individual capacities.  The Court will enter a Scheduling Order governing the development of the continuing claims.

Date:  June 1, 2015

Greg N. Stivers, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Hart County Attorney
4416.010